IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **02-cv-01688-JLK**

**1MAGE SOFTWARE, INC., a Colorado corporation,**

    Plaintiff,

v.

**THE REYNOLDS AND REYNOLDS COMPANY, an Ohio corporation, et al.**

    Defendants.

_____

ORDER DENYING MOTION TO VACATE JUDGMENT
_____

KANE, J.

    This software licensing case arose in 2002 and came to this Court on a dispute over the arbitrability of the parties' claims under a 1994 software licensing agreement. I issued my ruling compelling arbitration in July 2003. The parties proceeded to arbitration, which was divided into two phases, and by December 2004, I had confirmed the arbitrator's final award in favor of Defendants and against Plaintiff 1mage in both Phases I and II.

    1mage immediately appealed my Orders compelling arbitration and confirming the arbitration awards to the Tenth Circuit. Oral argument was held in September 2005 and the appeal remains pending. Notwithstanding the pendency of the appeal, I find myself faced with a Rule 60(b) "Motion to Vacate Judgment," in which 1mage contends intervening case law issued by the Tenth Circuit altered the standards applicable to

motions to compel arbitration such that my 2003 Order compelling arbitration no longer can stand.  Specifically, 1mage cites the Tenth Circuit's July 2005 decision in *Ansari v. Qwest Communications Corp.*, 414 F.3d 1214 (10th Cir. 2005), for the proposition that, because the parties here agreed to arbitrate in Ohio, only a Ohio district court had authority to compel arbitration in the first instance.  Defendants deny *Ansari* supports such a reading under the facts and circumstances of this case and argue in the alternative that *Ansari* was wrongly decided if it does.

As an initial matter, I am without jurisdiction once a Notice of Appeal has been filed to "vacate" any order or judgment from which that appeal is taken.  Under applicable law, my options after being confronted with the Rule 60(b) Motion at issue is to (1) deny the motion or (2) indicate an intent to grant the motion after which 1mage can ask the Tenth Circuit to remand the case for supplemental proceedings.  *See Jordan v. Bowen*, 809 F.2d 733, 737, n.6 (10th Cir. 1987)(applying *Greear v. Greear*, 288 F.2d 466 (9th Cir. 1961)).  I choose the former.

Whatever the merits of the parties' respective positions with regard to *Ansari*, the Tenth Circuit has *specifically asked* the parties to brief the issue on appeal and supplemental briefing has been completed.  The legal question to be determined is *sub judice* and all that is left for the Court of Appeals to do is rule on it.  Under these circumstances, undertaking to end-run the appeals process to predict whether and how *Ansari* might apply in this case is both unnecessary and improvident.  *Ansari* is the Tenth Circuit's decision and it is the Tenth Circuit that is best situated to determine its legal

effect here. The fact that I am presently presiding over a 10-12 week jury trial in a toxic tort class-action as well as tending to a full docket of *active* civil matters only underscores the utility of leaving the legal question raised in 1mage's Rule 60 motion to the capable hands of the Court of Appeals.

Docket No. 87, "Plaintiff's Motion to Vacate Judgment," is DENIED.

Dated October 24, 2005.                    **s/John L. Kane**
                                           SENIOR U.S. DISTRICT JUDGE